Kevin Dwayne **SAMPLES**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2009–SC–000537–KB.

Supreme Court of Kentucky.

March 18, 2010.

### *OPINION AND ORDER*

Following Kevin Dwayne Samples' application for restoration pursuant to SCR 3.500, the Board of Governors of the Kentucky Bar Association has unanimously recommended that this Court restore Samples' license to practice law in this Commonwealth. Agreeing with the Board that Samples has satisfied the requirements for restoration, we adopt the Board's recommendation and order that Samples' membership in the Kentucky Bar Association be restored.

Samples, whose KBA member number is 91500 and whose bar roster address is 45 Pine Hill Estates, Kenova, West Virginia, 25530, was admitted to the practice of law in Kentucky on September, 26, 2006. On January 31, 2008, Samples was suspended from the practice of law for non-payment of his KBA dues for the 2007–2008 year. At the time of this suspension, Samples had no pending disciplinary matters in this Commonwealth. On August 31, 2009, Samples filed with the clerk of this Court

an application for restoration of membership pursuant to SCR 3.500(1), which permits any "former member who ... has been suspended for failure to pay dues as provided by Rule 3.050" and whose suspension has not prevailed for more than five years to apply for restoration. Pursuant to the requirements in SCR 3.500(1), Samples included with his application a check for $740.00, which satisfied his obligation to pay a $250.00 filing fee, a $50.00 late fee, his delinquent bar dues from the 2007–2008 year, and his bar dues for the previous 2008–2009 year. The Board notes that Samples has also paid his current bar dues for the 2009–2010 year, that Samples has completed sufficient CLE credit hours to meet his requirement through the end of this educational year, and that the affidavits included in Samples' application state that he is of good character and should be restored as a member of the KBA. The Board also notes there are no disciplinary matters pending against Samples, and he has not been the subject of any claims against the Client Security Fund

Having reviewed the Board's recommendation, this Court agrees that Samples has satisfied the requirements of SCR 3.500(1) and is deserving of restoration to the practice of law. Therefore, it is hereby ORDERED that:

1. Pursuant to SCR 3.500(1), Kevin D. Samples' license to practice law in this Commonwealth is restored.

2. Pursuant to SCR 3.500(5), Samples is directed to pay the costs associated with this proceeding in the amount of $146.04, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 18, 2010.

/s/ John D. Minton Jr.

Chief Justice